TUCKER, P.
I am of opinion that the judgment in this case should be affirmed, the declaration being radically defective, as it shews no right of action in the relator. The material facts set forth in the declaration shew the following case :
In the suit of Blow v. Maynard, an injunction was awarded, whereby, under certain circumstances, M’Candlish the marshal of the court was directed to take into his custody certain slaves, which were in the possession of and claimed by the relator’s testatrix, and to hire them out from year to year until the further order of the court. The marshal took possession of the slaves. The declaration, after setting out these matters in detail, proceeds to set out the gravamen of the case in seven different ways : 1. That the marshal, though he took possession of the slaves, failed to perform the other duties required by the order, whereby the hires were lost. 2. That he took bonds, and converted them to his own use. 3. That he collected the hires, but did not pay them over to the testatrix. 4. That he collected the hires, and refused and failed to pay them into the bank, though ordered to do so. 5. That he failed to deliver the bonds to his successor, as he was ordered to do. 6. That he failed to take any bonds. 7. That he delivered up the bonds to the hirers, and gave acquittances for them, so that they were altogether lost to the relator’s testatrix. The action is brought upon the official bond of the marshal, and at the instance of Elizabeth Eawrence executrix of Eleanor Maynard, to whom it is averred the slaves belonged, *and who, it is averred at the conclusion of each assignment of | breaches, was “entitled to receive the amount of the hires” from the said M’Candlish, “as by reference to the record &c. would more fully appear.”
To this declaration the defendant filed a general demurrer, which of course only brings in question the substantial character of the declaration. I am of opinion that it is defective in substance, in this, that it no where shews any title in the relator to sue. It alleges, indeed, that her testatrix was entitled to receive the amount of the hires from M’Candlish, “as appears by the record;” but that record forms no part of the pleadings, and is not indeed even a record of the same court. It does not then appear from the declaration, that she was entitled to demand the hires from M’Candlish, or that he was bound to pay her, or would have been justified in doing so. He was a public officer of the court, receiving funds which he was' to retain until further order. It was incumbent, then, to shew such order distinctly, in that breach which complained of nonpayment. And as to those which complain of a failure to pay the hires into bank, or to deliver over to the succeeding marshal the bonds taken for the hires, these disprove the right of the testatrix to receive them, since they shew no final disposition of them in her favour. If there be any order in the chancery cause awarding the hires, or the bonds and securities, to Eleanor Maynard, that order should have been distinctly set out. The existence of such an order, and the failure to obey it, is the gist of the plaintiff’s action. The official bond indeed is sued on, but the breach is the gist; for without a breach, there is no cause of action. Now, the breach in this case consists in failure to obey some order to pay over the money or deliver over the bonds. Of course the order is of the gist of the action. Now where a record is of the gist of the action, it must be shewn with certainty; *as in an action of debt upon a judgment. 1 Chitty’s Plead. 355. So too it is a general principle, that it is not enough that the party hath right, but such right must be disclosed in the record, so as to enable the judges to pronounce-upon it. Hobart’s Rep. 233. Thus, it is not enough for the party here to aver “ a title to receive, as appears by the record, ” but it should be shewn how she had title, that the court might see whether it was a good title or not. If, for example, the defendants had made default, how could judgment have been entered for the plaintiff, upon the mere allegation that she was entitled, as appeared by a record not in court ? How could the court see whether the record did or did not give title, without a distinct statement in the declaration of the order relied on ? And how, upon this general and indefinite statement, could there be an issuable plea of no such record ? That plea denies the existence of a record set out. Here, none is set out. And the plea of no such record would not be an answer to the allegation that the relator was entitled. Moreover, whatever her title to the hires, she had no right of action against the officer, unless he was ordered to pay. Her title to the money was not therefore sufficient. An *313 order or decree was essential, declaring that title, and directing the officer to pay over the funds to her, or into hank, subject to her order.
The case of Jones v. Jones, not reported, is said to decide this case, though J do not think such a precedent is necessary to sustain this decision, which is founded on general and well received principles. The judgment is right in principle ; but having given costs generally, without directing them to be levied de bonis testatoris, it must for that cause be reversed with costs.
PER CURIAM. The court is of opinion that the circuit court erred in giving judgment for costs to be paid de bonis propriis : therefore the judgment is reversed '"'with costs. And this court, proceeding to render such judgment as the said circuit court ought to have given, is of opinion that the matters of law arising upon the defendants’ demurrer to the plaintiff’s declaration are for the defendant; therefore it is further considered that the plaintiff take nothing by his bill, and that the defendants go &c. and recover &c. their costs in the circuit court expended.